UNITED STATES v. B. R. ANDERSON & Co. (No. 3088) [1]

---

[1] T. D. 43093.

*Charles D. Lawrence,* Assistant Attorney General (*Kenneth G. Osborn,* special attorney, of counsel), for the United States.

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellees.

[Oral argument October 10, 1928, by Mr. Osborn and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, consisting of corrugated steel bars, imported in lengths of 30 and 40 feet and from three-eighths to $1\frac{1}{4}$ inches in thickness, and designed for use and used exclusively for the reinforcement of concrete beams, columns, floors, and walls in buildings, was assessed for duty by the collector at the port of Seattle at three-tenths of 1 cent per pound, as steel bars under paragraph 304 of the Tariff Act of 1922, which reads as follows:

PAR. 304. Steel ingots, cogged ingots, blooms and slabs, by whatever process made; die blocks or blanks; billets and bars, whether solid or hollow; shafting; pressed, sheared, or stamped shapes, not advanced in value or condition by any process or operation subsequent to the process of stamping; hammer molds or swaged steel; gun-barrel molds not in bars; alloys not specially provided for used as substitutes for steel in the manufacture of tools; all descriptions and shapes of dry sand, loam, or iron molded steel castings; sheets and plates and steel not specially provided for; all of the foregoing valued at not over 1 cent per pound, two-tenths of 1 cent per pound; valued above 1 cent and not above $1\frac{1}{2}$ cents per pound, three-tenths of 1 cent per pound; valued above $1\frac{1}{2}$ and not above $2\frac{1}{2}$ cents per pound, five-tenths of 1 cent per pound; valued above $2\frac{1}{2}$ and not above $3\frac{1}{2}$ cents per pound, eight-tenths of 1 cent per pound; valued above $3\frac{1}{2}$ and not above 5 cents per pound, 1 cent per pound; valued above 5 and not above 8 cents per pound, $1\frac{7}{10}$ cents per pound; valued above 8 and not above 12 cents per pound, $2\frac{1}{2}$ cents per pound; valued above 12 and not above 16 cents per pound, $3\frac{1}{2}$ cents per pound; valued above 16 cents per pound, 20 per centum ad valorem: *Provided,* That on steel circular saw plates there shall be levied, collected, and paid an additional duty of one-fourth of 1 cent per pound.

The merchandise is claimed by the appellee to be dutiable as structural shapes of steel at one-fifth of 1 cent per pound under paragraph 312, which reads as follows:

PAR. 312. Beams, girders, joists, angles, channels, car-truck channels, tees, columns and posts, or parts or sections of columns and posts, deck and bulb beams, and building forms, together with all other structural shapes of iron or steel, not assembled, manufactured or advanced beyond hammering, rolling, or casting, one-fifth of 1 cent per pound; any of the foregoing machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting, 20 per centum ad valorem; sashes, frames, and building forms, of iron or steel, 25 per centum ad valorem.

The court below sustained the protest, and the Government appealed to this court.

Upon the authority of the decision of this court in the case of *United States* v. *Henry L. Exstein Co., Inc.*, 16 Ct. Cust. Appls. 328, T. D. 43079, decided concurrently herewith, in which similar merchandise was held to be dutiable under paragraph 312 as structural shapes of steel, the judgment is *affirmed*.